UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAHLIL HAMMOND,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERINTENDENT MICHAEL GOURLEY, et. al,<br><br>    Defendants. | CIVIL ACTION NO. 1:25-cv-00723<br><br><br>(LATELLA, M.J.) |

## MEMORANDUM

Plaintiff, a *pro se* litigant, initiated the above-captioned action on April 24, 2025. (Doc. 1). Rather than apply to proceed *in forma pauperis*, Plaintiff indicated that an "associate, Shandre Delaney," who "runs the non-profit 'PJC' or Prison Justice Coalition" paid his filing fee. (Doc. 8 at ¶2; Doc. 11 at ¶2). Plaintiff, however, alleges that he is "destitute" (Doc. 11 at ¶3), which has resulted in complications with serving his Complaint. Because Plaintiff timely filed for relief and made efforts to serve the Complaint without assistance, we will grant his "Motion to Extend Time for Service" and grant in part his "Motion for Service by United States Marshals." (Doc. 11).

### Background and Procedural History

*Pro se* Plaintiff Khalil Hammond filed a Complaint on April 24, 2025. (Doc. 1). On May 12, 2025, he filed a "Notice" indicating that on May 5, 2025, "he received a document from the court titled 'summons in

a civil-action' with the complaint attached." (Doc. 5). He stated that "Plaintiff is unsure if this means the complaint has been filed for service of if he is to do anything else." (*Id.*). He then filed a Motion to Appoint Counsel (Doc. 6), which the court denied (Doc. 7).

On June 13, 2025, Plaintiff filed a "Motion for Leave to Have Marshal's Serve Original Process/ for an Extension of Time." (Doc. 8). In this filing, Plaintiff acknowledged that "on 5-25-25, plaintiff received this court's 4-25-25 direction to serve the summons and complaint upon each defendant in accordance with Fed.R.Civ.P. 4." (*Id.*). However, he noted that while his "associate" paid the filing fee, he "does not have access to much money, with inconsistent support; which h[i]nders his ability to effectuate service alone, or without more time." (*Id.*) (emphasis in original). Plaintiff noted that pursuant to Fed. R. Civ. P. 4(m), the summons and complaint must be served within ninety days. (*Id.* at 2). He requested that service be made by the U.S. Marshal, or alternatively, that he be provided with additional time to effectuate proper service and "that he be allowed to make service upon all

2

defendants though the person designated to accept service within the institution." (*Id*. at 2).

Plaintiff subsequently filed a "Notice" on July 29, 2025, indicating that he received the Court's summons package around May 5, 2025. (Doc. 9). He stated that the package did not contain an order or any instructions. (*Id*. at 1). Accordingly, he requested a copy of the docket, which he received on May 19, 2025. (*Id*.). Plaintiff indicated that the docket "reflected that service of the summons and complaint was directed by the court to be completed upon each of the named defendants." (*Id*.). Plaintiff indicated that he completed "some due diligence" and "was made aware that per "Pa.D.O.C. procedure, all legal service of process is typically accepted by the institution's legal aid/superintendent's assistant, when service is directed towards staff members[] working at the facility." (*Id*.). Accordingly, Plaintiff indicated that he served 19 copies of the Complaint and Summons "individualized for each defendant . . . . upon Mr. T. Heist who is designated to accept service on behalf of SCI Camp Hill employees." (*Id*. at 2). Plaintiff noted that he completed service on July 10, 2025, via

3

certified mail, in accordance with Rule 4 of the Federal Rules of Civil Procedure. (*Id.*). Plaintiff attached to this "Notice" a Declaration made subject to penalty of perjury indicating that he served 19 copies of the Complaint and Summons upon T. Heist at SCI Camp Hill on July 10, 2025. (Doc. 9-1).

On August 5, 2025, Plaintiff filed a "Motion to Extend Time for Service." (Doc. 10). He indicated that he had limited access to funds and was not able to copy the complaint and summons for each defendant and "forward to defendants via certified mail" until July 10, 2025. (*Id.* at ¶3). Plaintiff also stated that because of his lack of funds, he "feared not being able to make the service deadline," prompting him to request service by the Marshals. (*Id.* at ¶4). Plaintiff then stated, "[a]lthough plaintiff has served the defendants via certified mail on 7-10-25, notification of receipt still has not been returned; which now places plaintiff outside of the 'service window' of time." (*Id.* at ¶5). Accordingly, Plaintiff requested additional time for service. (*Id.* at 2).

On that same date, Plaintiff filed a "Motion for Service by United States Marshals." (Doc. 11).

4

## Discussion

Federal Rule of Civil Procedure 4(m) requires service within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure, the court "must extend the time for service for an appropriate period." *Id*.

Pursuant to Federal Rule of Civil Procedure 4(c)(3), "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The court is only required to order such service "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916," in all other circumstances, the decision rests within the discretion of the court. *Bax v. Exec. Off. Of U.S. Atty's*, 216 F.R.D. 4, 4 (D.D.C. 2003) (citing Fed. R. Civ. P. 4(c)(3)); *see also Dooley v. Wetzel*, No. 3:18-cv-01310, 2021 WL 12143096 (M.D. Pa. Apr. 6, 2021).

In exercising its discretion, "courts have been mindful that Congress amended Rule 4 primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil

5

actions." *Jenkins-Gaylord v. Biden*, No. 2:24-CV-00017-BO, 2024 WL 3404966, *1 (E.D.N.C. July 12, 2024) (quoting *Bax*, 216 F.R.D. at 4). Accordingly, plaintiffs are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." *Cummings v. Keefer*, No. 3:22-cv-00301, 2022 WL 19403848, at *1 (M.D. Tenn. Sept. 30, 2022) (quoting Fed. R. Civ. P. 4(c) advisory committee's note, 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983)). In addition, the Rule 4(c)(3) application must provide a factual basis for why a court order is necessary to accomplish service." *Hollywood v. Carrows Cal. Fam. Rests.*, No. CV 18-2098, 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (citation and internal quotations omitted).

Here, Plaintiff has demonstrated good cause for his failure to effect service within the time prescribed by Rule 4(m). First, he twice sought extensions of the time for service. (*See* Docs. 8, 10). Further, he demonstrated a good faith attempt at serving Defendants, indicating that "per Pa.D.O.C. procedure all legal service is typically accepted by the institution's legal aid/superintendent's assistant, when service is

6

directed towards staff members working at the facility." (Doc. 9 at 1).[1] Accordingly, Plaintiff stated that on July 10, 2025, he "served nineteen (19) copies of the complaint and summons (individualized for each defendant stationed at SCI Camp Hill), upon Mr. T. Heist who is designated to accept service on behalf of SCI Camp Hill employees" via certified mail. (*Id.* at 2). We find that good cause exists to extend the time for service by an additional sixty days. *See United States v. Kistler*, No. 3:25cv773, 2025 WL 2301195, *4 (M.D. Pa. Aug. 8, 2025) (finding good cause existed based upon plaintiff's good faith attempt at service).

---

[1] We observe that Plaintiff filed as an exhibit to his Notice indicating that he served nineteen of the Defendants via certified mail at the institution (Doc. 9) two "Inmate[] Request to Staff Member," which were timestamped by the Superintendent's Office as SCI Schuylkill. (Docs. 9-2, 9-3). In the first Request, Plaintiff asked whether "there is typically a person designated to accept legal service on behalf of institutional employees?" (*Id.*). The Request was completed with a handwritten response indicating, "Yes. CSA's." (*Id.*). In the second Request, Plaintiff asked, "1. If legal process is sent to a [sic] institution (Phoenix, etx.) for staff employed therein the superintendent's assistant/CSA (you) would be the one designated to accept service on their behalf? 2. Can you provide me with the name of the CSA at SCI Camp Hill?" (Doc. 9-3) The handwritten response is not entirely legible but reads "1. If [illegible] then yes. 2. T. Heist." (*Id.*).

Additionally, we find that it is an appropriate exercise of our discretion to order that service be made by a "United States marshal or . . . by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). This case is distinguishable from the line of cases where motions for service by a United States marshal were denied based upon the plaintiff's failure to articulate the need for such service or to first make attempts at service without use of the United States Marshal. *See, e.g., Hollywood v. Carrows Cal. Family Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1–2 (C.D. Cal. Apr. 26, 2018) (denying motion under Rule 4(c)(3) because the "bare requests do not indicate what steps plaintiff ... has taken to effect service of process before seeking the assistance of the U.S. Marshal's Service, nor do they explain why such assistance is warranted"); *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4–5, (D.D.C. 2003) (denying motion under Rule 4(c)(3) because "the plaintiff, who is not proceeding *in forma pauperis* or as a seaman, has not attempted service by other means, such as service by registered or certified mail under Rule 4(i)"); *Jones v. Goodman*, No. Civ. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July

8

21, 1992) ("[B]efore this court invokes the resources of the government to effect service of process in this matter, plaintiff must first exert some effort to complete service."); *Raiser v. United States Dist. Ct. for S. Dist. of California*, No. 20-CV-1490 TWR (AGS), 2021 WL 4895217, at *2 (S.D. Cal. Feb. 26, 2021) (denying motion where plaintiff did not first attempt to serve defendants through other means). Here, as described *supra*, Plaintiff made efforts to serve Defendants.[2] We will therefore grant his motion, in part, and specially appoint the Clerk of Court to mail a notice and request for waiver to Defendants. *See Dooley v. Wetzel*, 2021 WL 12143096, at *2. If signed waivers of service are not timely returned, a subsequent order shall be issued directing service by the United States Marshal Service. Before the Clerk is able to take any action, however, Plaintiff must supply the Court with addresses for all Defendants to enable service. *See Meade v. Reynolds*, 810 Fed App'x 86,

---

[2] We note that Plaintiff alleges that he made efforts to serve nineteen of the Defendants. (*See* Doc. 9 at 2; Doc. 9-1). Plaintiff does not explain why he did not attempt to serve Director James Barnacle or Hearing Examiner J. Schneck. In any event, as set forth above, we will order Plaintiff to provide addresses for all Defendants.

9

88 (3d Cir. 2020) (it is the responsibility of a plaintiff to provide proper addresses for service).

## Conclusion

For the reasons set forth herein, Plaintiff's Motion to Extend Time for Service is granted and Plaintiff's Motion for Service by the United States Marshal is granted, in part. An appropriate order follows.

BY THE COURT:

Date: September 9, 2025

**/s/ Leo A. Latella**
LEO A. LATELLA
United States Magistrate Judge