**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAHLIL HAMMOND,** | **:** | **Civil No. 1:25-CV-723** |
| | **:** | |
| **Plaintiff** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **(Magistrate Judge Carlson)** |
| **MICHAEL GOURLEY, et al.,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

**MEMORANDUM OPINION**

## I.   Introduction

The *pro se* plaintiff in this prisoner civil rights case, Kahlil Hammond, initiated this case on April 24, 2025, by filing a complaint detailing a series of incidents which occurred during his time in the restricted housing unit (RHU) at the State Correctional Institution at Camp Hill (SCI Camp Hill) in the Fall of 2023, actions which he alleges violated various of his constitutional rights. The complaint is lengthy at forty-four hand-written pages and names over twenty defendants, but it specifically describes a series of discrete incidents during a limited time period in which the plaintiff alleges the defendants engaged in a campaign of harassment to provoke him into escalating violence and engage in excessive force against him. He

1

also alleges the defendants falsified and weaponized the misconduct process to keep him in the RHU and failed to investigate these abuses.

In response, the defendants have filed a motion to dismiss accompanied by a brief which asserts a single, straightforward argument that we should dismiss the plaintiff's complaint in its entirety because it is a "shotgun pleading" which violates Rule 8 of the Federal Rules of Civil Procedure. Upon review, as explained in greater detail below, we conclude that the defendants' Rule 8 argument for dismissal is inappropriate in the face of this factually detailed complaint which, in our view, warrants consideration on the merits. Therefore, we will deny the defendants' motion to dismiss without prejudice to the defendants filing a more comprehensive motion and brief addressing the merits of the plaintiff's various causes of action.

## II.    Factual Background and Procedural History

While the defendants' characterization of the facts in this case attempts to paint the complaint as muddled, unspecific, and unwieldy in length, in our view the complaint, while lengthy, paints a relatively straightforward factual narrative laying out two specific incidents of alleged excessive force and ongoing mistreatment by corrections officers during a discrete period. Specifically, the plaintiff alleges that, on October 7, 2023, Defendant Corrections Officers Timpe and Iagavino refused to provide him with his lunch or allow him to speak with a supervisor, an incident which escalated into Iagavino pepper spraying the plaintiff three times, and a group

of corrections officers, including Defendants Ressler, Timpe, Yox, Kaminsky, McSherry, Iagavino, and three John Doe corrections officers punching, kicking, and striking the plaintiff. Once Hammond was handcuffed on the ground, the plaintiff alleges Defendant Iagavino and an unidentified corrections officer punched and kicked him in the face as the other officers watched or held him down, resulting in a fractured left orbital socket. (Doc. 1, ¶¶ 29-73). He also alleges that Defendant Rodriguez and Elwell witnessed the attack and did nothing and that Defendant Rodriguez intentionally aimed the camera away from the attack. (Id., ¶¶ 62-69).

The plaintiff's complaint also alleges a second incident of excessive force after returning to SCI Camp Hill from the hospital. Specifically, he alleges that, on October 13, 2023, Defendants Bacci, Zimmerman, and Lowe, while escorting him to and from the psychiatric unit, attempted to antagonize the plaintiff into escalating a conflict by fastening his waist-belt restraint so tight it restricted his breathing and, when he laughed nervously, Defendant Zimmerman punched him in the nose. (Id., ¶¶ 80-90). He then alleges that, while he was still handcuffed, Defendant Lowe held his legs and Defendant Bacci called for additional officers to hold his body and he was placed face down on a cement slab by several unknown officers and placed in a spit-mask on Defendant Bacci's instruction. (Id., ¶¶ 91-92). The John Doe officers then began twisting the plaintiff's legs and ankle and smothering his face into the concrete in an effort to suffocate him for several minutes. (Id., ¶¶ 93). The plaintiff

3

was again transported to an outside hospital where it was determined that his left orbital socket was completely shattered and his nose was broken, requiring surgery. (Id., ℙℙ 94-96). According to the plaintiff, Defendants Zimmerman and Rodriguez later revealed that Zimmerman attacked him in retaliation for him allegedly assaulting his friend Defendant Iagavino on October 2nd. (Id., ℙ 96).

In addition to these two specific incidents of excessive force which the plaintiff alleges were related in that they involved retaliation on the part of these corrections officers who worked the same RHU shifts, the plaintiff alleges the defendants engaged in ongoing deprivations of food, law library resources, showers, yard exercise, books, hygiene products, and contact with his loved ones and legal representation intended to harass him and cause him emotional distress. (Id., ℙℙ 92-130). He also states the defendants intentionally issued false misconducts against him from September 28, 2023 until November 21, 2023, and attempted to circumvent abuse investigations in violation of DOC policy. (Id., ℙℙ 131-47). He alleges that the campaign to harass and abuse him in these ways was authorized by the supervisory defendants in that they knowingly tolerated and acquiesced to it and that this behavior was common practice in the RHU at SCI Camp Hill and that all

4

the defendants conspired to harass and antagonize inmates to justify the need for solitary confinement at the institution.[1] (Id., ¶¶ 45-46, 104-113).

Hammond asserts that these actions on the part of the defendants violated his constitutional rights and alleges eleven causes of action against the defendants including violations of his First, Eight, and Fourteenth Amendment rights as well as a series of state law tort claims including abuse of process, intentional infliction of emotional distress, assault and battery, and state and federal conspiracy claims. (Id., ¶¶ 159-207).

In response, the defendants have moved to dismiss the complaint, launching a single, sweeping argument that the plaintiff's complaint should be dismissed in its entirety because it violates Rule 8 of the Federal Rules of Civil Procedure since it is not "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8. In asserting many of these claims, we acknowledge that the plaintiff faces certain exacting articulation requirements. But, upon review, we reject the defendants' broad attack of this complaint which asks the Court to conclude it is not specific enough for them to respond to the allegations. Indeed, our

---

[1] This is a general summary of the factual allegations in the plaintiff's complaint and does not contain the degree of detail or name every defendant that the plaintiff identifies in his complaint. Should the defendants renew their motion to dismiss, a more fulsome factual summary will be provided but, at this juncture, no more detail is needed since the defendants have not asserted any specific arguments with regard to the particular claims or defendants named in the complaint.

review of the complaint reveals several specific, detailed claims which name many of the defendants and then describe actions the plaintiff alleges they committed. The defendants must address these allegations against them, and why they fail to state a claim entitling the plaintiff to relief, before we will consider dismissal. Having found that the single argument asserted by the defendants failed, and recognizing the well-settled legal tenet that, "Judges are not like pigs, hunting for truffles buried in briefs," United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991), we will deny the defendants' motion to dismiss without prejudice to the defendants renewing their motion, supported by a brief which specifically addresses the merits of the claims against them.

## II.    Discussion

### A. Motion to Dismiss—Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u>, --U.S.--, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations

8

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

> As the Court of Appeals has observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861, 182 L.Ed.2d 644 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must

9

plead to state a claim.' <u>Iqbal</u>, 129 S. Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' <u>Id.</u> at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' <u>Id.</u>" <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, and each averment must be 'concise, and direct.'" <u>Scibelli v. Lebanon County</u>, 219 F. App'x 221, 222 (3d Cir. 2007) (citing Fed.R.Civ.P. 8(e)(1)). Yet, while "dismissal pursuant to Rule 8 is appropriate when the complaint is illegible or

10

incomprehensible, [t]his remedy is typically reserved for cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Lewis v. City & Cnty. of Philadelphia, No. CIV.A. 13-4075, 2014 WL 4187373, at *2 (E.D. Pa. Aug. 22, 2014) (quoting Scibelli v. Lebanon Cnty., 219 F. App'x 221, 222 (3d Cir.2007); Tillo v. Northland Group Inc., 456 F. App'x 78, 79 (3d Cir.2012) (cleaned up).

It is against these legal guideposts that we assess the sufficiency of Hammond's complaint.

**B. The Motion to Dismiss Will Be Denied.**

Presented with the detailed narrative set forth in Hammond's *pro se* complaint, the defendants advance a single claim, arguing that Hammond has violated Rule 8 in that he fails to assert "a short and plain statement of the claim showing that the pleader is entitled to relief."

We disagree.

In our view, the plaintiff's complaint meets the liberal pleading requirements of Rule 8(a)(2). At the outset, we note that the pleading rules of this Court, as outlined above, favor the plaintiff in that he is not required to clear a high bar to proceed with his claim. Indeed, Rule 8 requires only a "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, a lengthy pleading alone is not sufficient for dismissal under Rule 8, rather the standard

11

requires that the complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised" Tillo v. Northland Group Inc., 456 F. App'x 78, 79 (3d Cir.2012). Indeed, the Supreme Court has acknowledged that the application of the liberal pleading standard of Rule 8(a)(2) is "even more pronounced" in cases where a party is proceeding without counsel. Erickson v. Pardus, 551 U.S. 89, 94 (2007). As the Court noted in remanding a prisoner civil rights case dismissed under Rule 8(a)(2), "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citing Estelle, 429 U.S., at 106; Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice") (internal quotation marks omitted). Thus, these already liberal pleading standards are even more pronounced in this case where the plaintiff is proceeding *pro se*.

Nonetheless, in arguing for dismissal under Rule 8, the defendants state that the complaint is simply too vague for them to respond to and is akin to an impermissible "shotgun pleading," arguing the plaintiff has not distinguished which specific defendants did what and failing to provide adequate notice of the claims. But the types of "shotgun pleadings" in the cases cited by the plaintiff do not describe the plaintiff's complaint in this case. Indeed, in Magluta, the complaint was "replete with allegations that 'the defendants' engaged in certain conduct, making no

12

distinction among the fourteen defendants charged." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Similarly, the complaint in Ebrahimi, "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants." Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 164 (11th Cir. 1997). Quite the contrary, here, the plaintiff's complaint lays out a series of detailed factual allegations perpetrated by specifically named defendants. Indeed, the instant case bears similarity to the cited "shotgun pleading" cases only by virtue of the length of the complaint and number of defendants, details which can contribute to a finding that a complaint violates Rule 8, but, standing alone, are insufficient for such a finding. See e.g. Allen v. Life Ins. Co. of N. Am., 267 F.R.D. 407, 414 (N.D. Ga. 2009) (quoting Silver v. Queen's Hosp., 53 F.R.D. 223, 226–27 (D. Haw. 1971)) ("Complaints in which the essentials specified by Rule 8(a) can be discerned with reasonable clarity and without excessive difficulty should not be stricken merely for inconsequential verbosity which readily can be corrected on a motion to strike without excessive effort or delay.")

Moreover, while we do not foreclose the possibility that the plaintiff's *pro se* complaint may contain other patent or latent defects with regard to the individual eleven causes of action alleged, the defendants have not presented any argument

explaining specifically what causes of action fail to state a claim against which defendants, instead relying upon a general sweeping argument that the complaint as a whole fails under Rule 8. This argument fails on its face since, as summarized above, the plaintiff has articulated claims with sufficient specificity for the defendants to comprehensively respond and present arguments to the Court as to why these claims fail and allow the plaintiff an opportunity to respond to these specific arguments.

In sum, it is not our role to serve as counsel for any party and ferret out arguments which they have not made. See Fils v. City of Aventura, 647 F.3d 1272, 1284 (11th Cir. 2011) ("[D]istrict courts cannot concoct or resurrect arguments neither made nor advanced by the parties.") Since the defendants have argued only that this complaint fails under Rule 8, and we conclude under this standard the complaint as a whole is sufficiently articulated, we will deny the motion to dismiss without prejudice to the defendants submitting a renewed motion to dismiss and supporting brief which addresses the merits of the claims made by the plaintiff in his complaint within thirty days of this memorandum and accompanying order.

14

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: July 2, 2025